THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>        v.<br><br>CHEE CHOONG NG,<br><br>                    Defendant. | CASE NO. CR20-0171-JCC-5<br><br>ORDER |

This matter comes before the Court on Defendant's *ex parte* motion for transportation expenses (Dkt. No. 268) and his motion to seal (Dkt. No. 269). The Court, having thoroughly considered the record and briefing in this matter, and finding oral argument unnecessary, hereby GRANTS in part and DENIES both motions for the reasons described below.

I.      **Motion for Transportation Expenses**

When a defendant is released and his subsequent appearance is a condition of the release, the Court—upon finding that the defendant is financially unable to appear and that the interests of justice will be served—may authorize United States Marshals to arrange for a defendant's "means of noncustodial transportation or furnish the fare for such transportation *to* the place where [her] appearance is required." 18 U.S.C. § 4285 (emphasis added). This includes "subsistence expenses *to* his destination." *Id.* (emphasis added).

Defendant presently resides in Brooklyn, New York, (*see* Dkt. No. 268 at 2), and is to

ORDER
CR20-0171-JCC-5
PAGE - 1

appear for trial in Seattle on July 5, 2022 at 9:30 a.m. (*See* Dkt. No. 263.) The Court previously found Defendant indigent and appointed counsel.[1] (*See* Dkt. No. 38.) Based on the Court's prior finding, and being advised of no changes to Defendant's financial condition, the Court now FINDS that Defendant is financially unable to appear as directed and that the interests of justice would be served by the provision of transportation by the Government.

However, the statute does not provide for the payment of (a) subsistence upon arrival to Seattle or (b) travel expenses to return to New York following trial. *See* 18 U.S.C. § 4285. And, in fact, Courts, including this one, routinely conclude that payment of such expenses is not authorized. *See, e.g.*, *United States v. Moran*, 2008 WL 11487953, slip op. at 2 (W.D. Wash. 2008) (citing *United States v. Gundersen*, 978 F.2d 580, 584 (10th Cir. 1992)); *United States v. Silkeutsabay*, 2015 WL 13449660, slip op. at 1 (E.D. Wash. 2015) (similar reasoning); *United States v. Smith-Kilpatrick*, 2017 WL 11573726, at slip op. at 1 (W.D. Mich. 2017) (similar reasoning). The Court sees no reason to depart from those holdings in this instance.

Accordingly, the motion for transportation expenses is GRANTED in part and DENIED in part. The Court ORDERS the United States Marshals to arrange and pay for Defendant's non-custodial, one-way transportation from Brooklyn, New York, to Seattle, Washington, along with subsistence expenses while Defendants is travelling to Seattle. This amount may not exceed the amount authorized as a *per diem* allowance for travel under 5 U.S.C. § 5702(a).

II.     **Motion to Seal**

The First Amendment protects the public's right of access to criminal trials. *See, e.g.*, *Globe Newspaper Co. v. Super. Ct. for Norfolk Cnty.*, 457 U.S. 596, 606 (1982). The public also has a common law right to inspect and copy public records, including those from judicial proceedings. *See Nixon v. Warner Commc'ns*, 435 U.S. 589, 597 (1978). But these rights are not

---

[1] Defense counsel also presents the Court with an updated, but unsigned financial, affidavit (Dkt. No. 268-4) which counsel asserts demonstrates that Defendant remains indigent. (*See* Dkt. No. 268 at 3.)

absolute. They must yield when (1) sealing a document serves a compelling interest, (2) that is substantially likely to be harmed if the document is not sealed, and (3) there are no less restrictive alternatives for protecting the interest. *See United States v. Doe*, 870 F.3d 991, 998 (9th Cir. 2017).

Given the sensitive information in Defendant's (albeit unsigned) financial affidavit (Dkt. No. 268-4), sealing it from both the public and the Government serves a compelling interest that is otherwise substantially likely to be harmed, and no less restrictive alternatives would protect the interest. Accordingly, the Court finds good cause to seal this document. But Defendant fails to provide facts or persuasive argument demonstrating why Defendant's remaining documents (Dkt. Nos. 268, 268-1, 268-2, 268-3) should be sealed.

Accordingly, Defendant's motion to seal is GRANTED in part and DENIED in part. Defendant is ORDERED to refile, without redactions or sealing, the documents contained in Docket Numbers 268, 268-1, 268-2, and 268-3.

DATED this 10th day of May 2022.

John C. Coughenour
UNITED STATES DISTRICT JUDGE