THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> WENGUAN LEI and CHEE CHOONG NG, <br><br> Defendants. | CASE NO. CR20-0171-JCC <br><br> ORDER |

This matter comes before the Court on Defendant Wenguan Lei's motion to continue trial (Dkt. No. 304) and Defendant Chee Choong Ng's opposition and motion to sever (Dkt. No. 310). Having thoroughly considered the briefing, and finding oral argument unnecessary, the Court GRANTS the motion to continue (Dkt. No. 304) and DENIES the motion to sever (Dkt. No. 310) for the reasons discussed below.

Defendant Lei moves to continue based on newly retained counsel's need for additional time to review voluminous discovery along with other complicating factors. (*See* Dkt. No. 304 at 3–6, *see also* Dkt. No. 199 (prior order continuing trial describing some of those factors).) Defendant Ng opposes and moves to sever based on the cost and inconvenience from a further delay. (*See* Dkt. No. 310 at 4.) The Court FINDS that, taking into account the exercise of due diligence, the failure to grant a continuance would deny Defendant Lei's counsel the reasonable time necessary for effective preparation, *see* 18 U.S.C. § 3161(h)(7)(B)(iv), and would therefore

ORDER
CR20-0171-JCC
PAGE - 1

result in a miscarriage of justice, *see id.* (h)(7)(B)(i). Based on these findings, the Court concludes that the ends of justice served by granting a continuance outweigh the best interest of the public and of Defendants to a speedy trial, as set forth in § 3161(h)(7)(A).

Here, Defendant Lei asks to continue trial to sometime in September 2022. (*See* Dkt. No. 310 at 1.) Defendant Ng opposes, but asks that, if a continuance is required, trial be scheduled no sooner than October 1, 2022, as he may seek the appointment of new counsel. (*See* Dkt. No. 310 at 2.) A trial commencing shortly after either date would be a reasonable period of delay for each Defendant, which tolls the Speedy Trial Act period as to all joined co-defendants, even those who object to a trial continuance or who refuse to submit a waiver under the statute. *See* 18 U.S.C. § 3161(h)(6); *United States v. Messer*, 197 F.3d 330, 337 (9th Cir. 1999).

As to Defendant Ng's opposition and motion to sever, severance is appropriate only when a failure to do so would compromise a specific trial right. *United States v. Reese*, 2 F.3d 870, 892 (9th Cir. 1993). Here, the Court FINDS that Defendant Ng fails to demonstrate the requisite prejudice from any delay and fails to articulate what trial right is at issue were he to go to trial with Defendant Lei. Therefore, his motion to sever is meritless.

Accordingly, the Court GRANTS Defendant's Lei's motion to continue (Dkt. No. 304), DENIES Defendant Ng's motion to sever (Dkt. No. 310), and ORDERS as follows:

1. The July 5, 2022 jury trial is CONTINUED until October 3, 2022.
2. The pretrial motions deadline is CONTINUED until September 2, 2022.
3. The period from the date of this order through the new trial date, October 3, 2022, is excludable as to each Defendant under 18 U.S.C. § 3161(h)(7)(A) and (h)(6).

DATED this 1st day of June 2021.

John C. Coughenour
UNITED STATES DISTRICT JUDGE