THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> CHEE CHOONG NG, <br><br> Defendant. | CASE NO. CR20-0171-JCC-5 <br><br> ORDER |

This matter comes before the Court on Defendant Chee Choong Ng's motion to suppress statements he made to law enforcement (Dkt. No. 292). The Government opposes. (*See* Dkt. No. 303.)[1] Having thoroughly considered the parties' briefing and the relevant record, and finding oral argument unnecessary, the Court hereby DENIES the motion for the reasons explained below.

I.   **BACKGROUND**

On July 28, 2020, Pennsylvania law enforcement agents assigned to a federal-state task

---

[1] CrR 1(a) states that LCR 10 applies in criminal cases. Under LCR 10(c)(1), a brief must be either double-spaced or spaced at exactly 24 points. Here, the Government's brief is 1.5-line spaced and reaches the maximum 12-page limit. CrR 12(b)(5). This means that the Government is violating the Court's line spacing rules and, potentially, circumventing page limitations when it uses this pleading template. Here, there is no harm—Mr. Ng's reply was only two pages and did not raise this issue. (*See* Dkt. No. 309.) But the Court admonishes the Government to fix its pleading template to comply with the Court's rules.

force received information from other law enforcement agencies that persons under investigation were using a freight company in Folcroft Pennsylvania to receive suspected illicit shipments of marijuana. (Dkt. No. 303-1 at 2.) Pennsylvania Office of Attorney General Agent Alan Basewitz and other members of the task force surveilled the freight facility and saw Mr. Ng arrive and load four cardboard shipping boxes into his van before driving off. (*Id.*)

Agents followed Mr. Ng away from the freight facility, and Philadelphia Police Department ("PPD") Officers then pulled him over for speeding.[2] (*Id*. at 3.) The PPD officers saw the boxes in Mr. Ng's vehicle, and Agent Basewitz and his team arrived shortly thereafter with a drug-sniffing dog, whom Mr. Ng agreed to let sniff the vehicle. (*Id.*) The dog alerted, indicating the presence of contraband, and Mr. Ng consented to a search of the vehicle. (*Id.*) During the ensuing search, Mr. Ng agreed to sit in Agent Basewitz's air-conditioned car, with the door open to the adjacent sidewalk; he was there for approximately 15 minutes, five of which he spent speaking with Agent Basewitz as he went back and forth from Mr. Ng's car. (Dkt. No. 303-2 at 3.) The parties dispute whether Agent Basewitz told Mr. Ng he was free to leave the police car at any time. (*Compare* Dkt. No. 303 at 3–4, *with* Dkt. No. 309 at 1.)

During their discussion, Agent Basewitz asked Mr. Ng about the boxes' origin, his knowledge of their contents, and why he had picked them up from the shipping facility. (Dkt. No. 303-1 at 3–4.) Mr. Ng made several statements that the Government characterizes as false and plans to offer at trial. (Dkt. No. 303 at 1.) Mr. Ng also consented to a search of the boxes themselves, which revealed large quantities of packaged marijuana. (Dkt. No. 303-1 at 3–4.)

## II.  DISCUSSION

Mr. Ng moves to suppress his statements to Agent Basewitz on the grounds that Agent Basewitz failed to provide the warning required by *Miranda v. Arizona*, 384 U.S. 436 (1966), and that his imperfect comprehension of the English language vitiated any consent he may have

---

[2] The Pennsylvania Attorney General's Office investigative report concedes that the stop was "semi-pretextual with the subject actually speeding." (Dkt. No. 303-1 at 3.)

provided for the searches. (Dkt. Nos. 292 at 3, 309 at 1–2.)

### A. No Miranda Warning was Required

A *Miranda* warning is not required unless the suspect is subject to a custodial interrogation. *United States v. Barnes*, 713 F.3d 1200, 1204 (9th Cir. 2013). This occurs if officers create a circumstance in which a "reasonable person would believe that he or she was not free to leave." *United States v. Kim*, 292 F.3d 969, 973–74 (9th Cir. 2002). Conventional *Terry* stops and traffic stops are not typically custodial unless "a suspect's freedom of action is curtailed to a 'degree associated with formal arrest.'" *Berkemer v. McCarty*, 468 U.S. 420, 439–40 (1984) (quoting *California v. Beheler*, 463 U.S. 1121, 1125 (1983)). To determine whether this is so, the Court examines the totality of the circumstances, including the following: (1) the language used by law enforcement; (2) the extent to which the defendant is confronted with evidence of guilt; (3) the physical surroundings; (4) the duration of the detention; and (5) the degree of pressure applied to detain the individual. *Kim*, 292 F.3d at 974. This is an objective inquiry; a defendant's subjective interpretation of the circumstances is immaterial. *Stansbury v. California*, 511 U.S. 318, 323 (1994). These factors indicate that Mr. Ng was never subject to a custodial interrogation.

First, Mr. Ng. does not contend that Agent Basewitz's language was confrontational, aggressive, or accusatory. (*See generally* Dkt. Nos. 292, 309.) The agent asked Mr. Ng to sit in the air-conditioned police car, which he accepted, and according to the uncontroverted record, their interaction was polite and conversational. (*See* Dkt. Nos. 303-1 at 3–4, 303-2 at 3.) Such interactions are insufficient to induce a reasonable belief that one is not free to leave. *See United States v. Bassignani*, 575 F.3d 879, 884 (9th Cir. 2009) (a defendant's willingly accompanying officers to the location of questioning indicates an interrogation is not custodial).

Nor did Agent Basewitz confront Mr. Ng with evidence of guilt, which can raise the pressure on a defendant, and consequently, the inference that the person is not free to leave. *See, e.g.*, *Bassignani*, 575 F.3d at 884 (interrogator's use of "an aggressive, coercive, and deceptive

tone" may suggest a detention is custodial). Where, as appears to be the case here, officers do not challenge a defendant's statements with other known facts suggesting his guilt and merely ask about the allegations, the Ninth Circuit has found that questioning is not custodial. *United States v. Norris*, 428 F.3d 907, 915 (9th Cir. 2005). Mr. Ng does not contend that Agent Basewitz ever claimed Ng was lying, (*see generally* Dkt. Nos. 292, 309), brought up "false or misleading witness statements," or insisted on hearing the "truth." *United States v. Beraun-Panez*, 812 F.2d 578, 580 (9th Cir. 1987), *modified*, 830 F.2d 127 (9th Cir. 1987). Rather, the evidence shows that he merely asked Mr. Ng a few questions relevant to the stop-and-search (*See* Dkt. No. 303-1 at 3–4), something widely understood as acceptable during traffic stops, *McCarty*, 468 U.S. at 439.

Likewise, Mr. Ng was not subject to coercive physical restrictions or oppressive surroundings—instead, sitting in a car's rear passenger seat with the door open to a public sidewalk, and Agent Basewitz sitting in the drivers' seat. (*See* Dkt. No. 303-1 at 3.)[3] Even where, as here, questioning occurs in a police car, that does not automatically create the sort of "police-dominated atmosphere" that makes the questioning custodial. *See, e.g., United States v. Torres-Sanchez*, 83 F.3d 1123, 1129 (9th Cir. 1996) (defendant not in custody where questioning occurred in patrol car); *United States v. Charley*, 396 F.3d 1074, 1081 (9th Cir. 2005) (defendant not in custody when detained in a patrol car).

It is also uncontroverted that Agent Basewitz and Mr. Ng's conversation was short, lasting five of the 15 minutes that Mr. Ng spent in the car. (*See* Dkt. No. 303-2 at 3.) While time alone is not determinative, this is below the range that courts in this circuit typically recognize as creating a more restrictive atmosphere. *Compare Bassignani*, 575 F.3d at 886 (holding that a 2.5-hour interrogation was custodial and citing cases where the same was true for sessions of one hour, 45 minutes, and 45 to 90 minutes), *with Torres-Sanchez*, 83 F.3d at 1129 (20 minutes of questioning in a police car was not custodial); *see also United States v. Manning*, 312 F. App'x

---

[3] The Government asserts that the door was open to the sidewalk (rather than to traffic) without citing the record, (Dkt. No. 303 at 7–8), but the assertion is logical and unchallenged, so the Court accepts the representation.

34, 35–36 (9th Cir. 2009) (defendant not in custody during a four-hour interrogation at law enforcement headquarters even when confronted with evidence of guilt).

Finally, in this case, the analysis for the final factor largely parallels that of the first and the third ones: Agents did not physically restrain Mr. Ng or force him to sit in Agent Basewitz's car or answer questions, and though other officers were present, it appears the relevant interactions were only between Agent Basewitz and Mr. Ng. (*See* Dkt. No. 303-2 at 3); *United States v. Fox*, 216 F. Supp. 3d 1225, 1233 (W.D. Wash. 2016) ("degree of pressure" factor depends on whether suspect was handcuffed, was told not to leave, and number of officers present).

To summarize, there were various cues demonstrating objectively to Mr. Ng—the open door, informal tone, short duration, and public setting—that he was free to leave or to end questioning. Considering the totality of these circumstances, the Court concludes that Mr. Ng was not subject to a custodial interrogation.

B.  **Evidentiary Hearing**

Mr. Ng argues—for the first time in his reply brief and without citing any authority—that he was not "made aware" that he was free to leave or to refuse searches because his English is limited and he did not have access to a Cantonese interpreter. (Dkt. No. 309 at 1–2.) This is beside the point for two reasons. First, whether or not he understood Agent Basewitz perfectly, the uncontroverted evidence of their interaction indicates that he understood enough so that a reasonable person in his position would not have thought he was not free to leave. Second, law enforcement saw Mr. Ng load boxes that they had reason to believe contained marijuana into his car, and a drug-sniffing dog alerted on the vehicle. (*See* Dkt. No. 303-1 at 2–3.) Agents thus had probable cause to search the vehicle. *See United States v. Ibarra*, 345 F.3d 711, 716 (9th Cir. 2003) (warrantless search resulting from a drug-sniffing dog's alert after a pretextual traffic stop is nonetheless valid, since there was probable cause to validly initiate each step). Thus, because Ng's subjective understanding as to custody or his consent to a search are irrelevant, there is no

"significant disputed factual issue" requiring an evidentiary hearing. *See United States v. Howell*, 231 F.3d 615, 621 (9th Cir. 2000).

### III.  CONCLUSION

For the foregoing reasons, Mr. Ng's motion to suppress and for an evidentiary hearing (Dkt. No. 292) is DENIED.

DATED this 23rd day of June 2022.

John C. Coughenour
UNITED STATES DISTRICT JUDGE